IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JESUS SANTIAGO MALAVET
    Debtor

NOREEN WISCOVITCH RENTAS
    Plaintiff

      vs.

MARIA MILAGROS MALAVET RODRIGUEZ
    Defendant

CASE NO. 09-07657 (ESL)

CHAPTER 7

ADV. PROC. NO. 13-00021 (ESL)

OPINION AND ORDER

This case is before the court upon the *Motion for Judgment on the Pleadings* (Docket No. 10) filed by Mrs. Maria Milagros Malavet Rodriguez's (hereinafter referred to as "Defendant" or "Mrs. Malavet Rodríguez") and the *Motion for Summary Judgment* (Docket No. 11) filed by the Chapter 7 Trustee (hereinafter referred to as "Trustee" or "Plaintiff"). The Plaintiff seeks to sell a real estate property free and clear of any interest, including Mrs. Malavet Rodríguez's right to usufruct, pursuant to 11 U.S.C. §363(f) and (h). The Defendant filed her *Opposition to Summary Judgment and Request for Summary Judgment in Favor of Defendant* (Docket No. 13) arguing that Sections §363(f) and (h) are inapplicable in the instant case and, thus, the Trustee is unable to sell the real estate property free and clear of any interest, in particular Defendant's right to usufruct over the real estate property. For the reasons stated below, Defendant's *Motion for Judgment on the Pleadings* is denied. Plaintiff's *Motion for Summary Judgment* is denied and Defendant's *Opposition to Summary Judgment and Request for Summary Judgment in Favor of Defendant* is denied.

<u>Jurisdiction</u>

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(N). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

<u>Factual and Procedural Background</u>

On September 12, 2009, Jesus Santiago Malavet (the "Debtor") filed a voluntary Chapter 11 Bankruptcy Petition (Lead Bankruptcy Case No. 09-07657[1]). The Debtor included in Schedule A-Real Property- the real estate property in controversy and described the same as follows:

> "[p]roperty located at Urb. Roosevelt, 470 Ave. Hostos, San Juan, PR 00918. Consists of 2 story concrete residential building on a 313 sq mts. lot. Appraisal of $375,000 was based on similar sales in community in previous years. Actual devaluation in real property is 15% or $56,250.00. Debtor owns the property but Maria Malavet, [his] mother, has [a] life [e]state ("usufructo") over the property. The commercial space is vacant."

The Debtor listed the nature of its interest on the property as "JTWROS." The Debtor listed the current value of the property in the amount of $318,750.00 and the secured claim is included in the amount of $141,536.11.

On March, 2, 2011, the case was converted to Chapter 7 (Lead Case, Docket No. 208), then the Order converting the case to Chapter 7 was set aside on May 10, 2011 because there was no opposition (Lead Case, Docket No. 229). On September 6, 2011, the court ordered the case to be reconverted to Chapter 7 for Debtor's failure to adequately address the reasons for not having filed a disclosure statement and plan (Lead Case, Docket No. 263). On October 4, 2011, the Debtor filed several amended schedules, including Amended Schedule A- Real Property- in which the Debtor included in the description of the real property in controversy that it was the Debtor's principle residence and that, "[t]he $318,750.00 is divided as follows:

---

[1] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 09-07657(ESL).

$159,375.00 dollars life estate ("usufructo") [and] $159,375.00 dollars Debtor's ownership." (Lead Case, Docket No. 270).

Subsequently, on August 7, 2012, the Debtor filed an *Urgent Motion Requesting Determination by Trustee* requesting the Trustee to express her intent to abandon the property or to attempt to invalidate the impending judicial sale (Lead Case, Docket No. 345). On August 8, 2012, the court granted the Debtor's *Urgent Motion Requesting Determination by Trustee*, and ordered the Trustee to reply (Lead case, Docket No. 347). On August 12, 2012, the Trustee filed her *Response to Order and Response to Debtor's Motion for Determination* (Lead Case, Docket No. 349). On September 24, 2012, the Trustee filed the *Notice of Private Sale of Estate's Interest in Property Free and Clear of Liens* informing that she will sell the real property in controversy at a private sale to JIMF Asset Management Corp. in the amount of $250,000.00. The real estate property taxes owed to CRIM amount to $6,580.88 as of September 20, 2012. The mortgage owed to FirstBank of Puerto Rico is approximately $141,536.11. The Trustee reserved the right to dispute the validity of the lien. Closing costs are estimated in the amount to be approximately $5,500 for notary stamps and cancellation of deeds and the realtor fee is in the amount of $10,000. The Trustee will also pay the remaining value of the usufruct held by Debtor's mother, Mrs. María Milagros Malavet Rodríguez (Lead Case, Docket No. 365). The value of the usufruct was not disclosed or estimated. On October 19, 2012, the Debtor filed an *Objection to Private Sale of Hostos 470* premised upon the reasonability of the offer as well as the estate's interest in the property (Lead Case, Docket No. 369).

On January 28, 2013, the Debtor filed a *Supplementary Objection to Private Sale of Hostos 470 upon Noncompliance with 363(h) and Puerto Rico's Homestead Exemption Amendment* (Lead Case, Docket No. 387). On January 31, 2013, the Debtor filed a *Motion Requesting Entry of Order Denying Trustee's Intent to Sell Property for Failure to Comply with Rule 7001(3) of the Federal Rules of Bankruptcy Procedure* because Fed. R. Bankr. P. 7001(3) requires the Trustee to file an adversary proceeding to sell a property pursuant to Section 363(h) (Lead Case, Docket No. 390).

On February 1, 2013, a hearing was held to consider the Trustee's *Notice of Private Sale of Estate's Interest In Property Free and Clear of Liens* and Debtor's *Objection to Private Sale of Hostos 470* in which the following material uncontested facts were established: (i) the property at Hostos #470 is part of the bankruptcy estate in this case and is subject to an usufruct on behalf of María Milagros Malavet Rodríguez; and (ii) apart from the claimed exemption on Hostos #470, the Debtor has no other pecuniary interest in the real property (Lead Case, Docket No. 396). At the hearing, the court established that the parties must move the court on the applicable procedure to calculate the usufruct on the real property. The court after considering the testimony of witnesses, the pleadings filed and the exhibits admitted, found that $275,000 is a reasonable value for Hostos #470 under the circumstances (Lead Case, Docket No. 396).

On February 1, 2013, the Trustee filed the instant adversary proceeding to obtain court approval to sell the real estate property pursuant to 11 U.S.C. §363(f) and (h). The Trustee argues that Section 363(h) is applicable based upon the following: (i) "[p]artition in kind of the property between the Estate and the Defendant is impracticable; property in Puerto Rico comprises the usufruct and the bare property;" (ii) "[s]ale of the estate's undivided interest would realize significantly less for the Estate than a sale of the entire property free of the interests of such co-owner;" (iii) "[t]he benefits of the Estate of a sale of such property free of the interest of Defendant outweighs the detriment, if any, to the Defendant; and (iv) "[t]he property involved is not used in the production, transmission, or distributions of electric energy or natural gas sold for heat, power, or light." (Docket No. 1). On February 27, 2013, the Trustee filed a *Motion for Entry of Default and Default Judgment* (Docket No. 5). On March 15, 2013, the Defendant filed a *Motion Requesting Extension of Time to Answer the Complaint* (Docket No. 6). On March 20, 2013, the court granted Defendant's request for a ten (10) day extension of time to answer the complaint (Docket No. 7). On March 27, 2013, the Defendant answered the complaint (Docket No. 9).

On April 10, 2013, the Defendant filed a *Motion for Judgment on the Pleadings* by which she argues that: (i) Section 363(f) is inapplicable in the instant case because Defendant's

usufruct is not an undivided interest as a tenant in common, joint tenant, or tenant by the entirety; (ii) Section 363(f)(1) is inapplicable because the sale of Defendant's usufruct right is not permitted pursuant to Articles 396 through 441 of the Civil Code of Puerto Rico; (iii) Section 363(f)(2) does not apply because Defendant has not consented to the sale other interest in property; (iv) Section 363(f)(3) is inapplicable because Defendant's usufruct is not a lien on the property but an ownership right; (v) Section 363(f)(4) is also inapplicable because Defendant's interest is not in dispute; and (vi) Section 363(f)(5) is also inapplicable because Defendant may not be compelled, in a legal or equity proceeding, to accept a money satisfaction of her interest (Docket No. 10).

On May 2, 2013, the Plaintiff filed a *Motion for Summary Judgment* arguing that: (i) Trustee has a superior right than the Defendant pursuant to Section 544(a)(1); (ii) Trustee may sell the property free and clear of any interest pursuant to 11 U.S.C. §363(f) and (h); and (iii) the Defendant's interest over the real property will not be impaired because the Trustee will warrant that her right of usufruct be estimated and paid accordingly (Docket No. 11). On May 9, 2013, the Defendant filed her *Opposition to Summary Judgment and Request for Summary Judgment in Favor of Defendant* presenting the following arguments: (i) Section 363(h) is not applicable because the Civil Code of Puerto Rico has not incorporated the forms of ownership which are found in common law jurisdictions such as tenant in common, joint tenant and tenant by the entirety. Defendant's usufruct is not an undivided interest; and (ii) Section 363(f) is not applicable for the same reasons as stated in the *Motion for Judgment on the Pleadings* (Docket No. 13).

Material Uncontested Facts

1. The property at Hostos #470 is part of the bankruptcy estate in this case and is subject to an usufruct on behalf of María Milagros Malavet Rodríguez.

2. The usufruct was established on June 23, 1993 pursuant to a Deed of Donation in which Mrs. Malavet Rodríguez donated the real property at Hostos #470 to the Debtor.

3. The donation of the real property was conditioned upon Mrs. Malavet Rodríguez having an usufruct for life over the real property meaning that she would be able to use the property as her residence for the remainder of her natural life (Evidentiary Hearing in Lead Case, Exhibit B).

4. Pursuant to a title study dated August 15, 2011, the Deed of Donation was presented to the Property Registry of San Juan, Section II on September 28, 2001. On August 19, 2008, the Property Registry notified that the Deed of Donation had an error since the same was missing a document (certificate of release of estate tax lien) from the Puerto Rico Treasury Department ("Relevo de Hacienda"). This error was not corrected and thus, on October 20, 2008, this registry entry (record) pertaining to the Deed of Donation lapsed. (Evidentiary Hearing in Lead Case, Exhibit E).

5. Pursuant to the same title study, a Mortgage Deed in favor of FirstBank Puerto Rico which was executed on August 31, 2004 and recorded in the principal amount of $147,000.00. Both the real property and the usufruct were mortgaged in the mortgage deed (Evidentiary Hearing in Lead Case, Exhibit E).

6. The only pecuniary interest the Debtor has in the real property is the homestead exemption.

7. The parties have not provided to the court the applicable procedure (mathematical formula, model) necessary to calculate the usufruct on the real property.

8. The court, at the February 1, 2013 hearing found that $275,000 is a reasonable value under the circumstances for the property at Hostos #470.

<u>Applicable Law & Analysis</u>

*Motions for Judgment on the Pleadings under Fed. R. Civ. P. 12(c)*

In the instant case, the Defendant presents a *Motion for Judgment on the Pleadings* stating that the same is treated much like a Rule 12(b)(6) motion. "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss. <u>Curran v. Cousins</u>, 509 F. 3d 36, 43-44 (1st Cir. 2007). 'Because [a Rule 12(c)] motion calls for an assessment of the

merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom…" R.G. Fin. Corp. v. Vergara-Nunez, 446 F. 3d 178, 182 (1st Cir. 2006)." Perez-Acevedo v. Rivero-Cubano, 520 F. 3d 26, 29 (1st Cir. 2008).

Fed. R. Civ. P. 12(b)(6) is applicable in bankruptcy proceedings through Fed. R. Bankr. P. 7012, the requested remedy is precisely the one provided in that rule ("failure to state a claim upon which relief can be granted").

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer.  See Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter".  Surita Acosta v. Reparto Saman Inc. (In re Surita Acosta), 464 B.R. 86, 90 (Bankr. D.P.R. 2012).  Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. at 556.  The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 622 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  556 U.S. at 679.  "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations.   When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.  In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio–Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6).  Step one: isolate legal conclusions.  Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. Also see Pérez v. Rivera (In re Pérez), 2013 WL 1405747 at *3, 2013 Bankr. LEXIS 1561 at **9-10 (Bankr. D.P.R. 2013); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 140 (D. Mass. 2012).

The court finds that Plaintiff's complaint is factually well-pleaded.  Furthermore, after drawing all the reasonable inferences from the Plaintiff's allegations in his favor, the court finds that the Trustee has plausible claims for relief pursuant to 11 U.S.C. §363(f) and (h). Thus, the motion for judgment on the pleadings is hereby denied.

*Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d,

Vol 10A, § 2712 (2013). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that

there is an absence of evidence supporting the nonmoving party's case. <u>Celotex</u>, 477 U.S. at 325. <u>Also see</u> <u>Prokey v. Watkins</u>, 942 F.2d 67, 72 (1st Cir. 1991); <u>Daury</u>, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. <u>Kennedy v. Josepthal & Co., Inc.</u>, 814 F.2d 798, 804 (1st Cir. 1987). <u>Also see</u> <u>Kauffman v. Puerto Rico Telephone Co.</u>, 841 F.2d 1169, 1172 (1st Cir. 1988); <u>Hahn</u>, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. <u>Over the Road Drivers, Inc. v. Transport Insurance Co.</u>, 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. <u>López</u>, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. <u>Adickes</u>, 398 U.S. at 159.

For the reasons that follow, the parties' cross motions for summary judgment are denied as neither of the parties have provided sufficient material uncontested facts that warrant judgment as a matter of law.

Discussion

In the instant case, both parties agree that Mrs. Malavet Rodríguez has an usufruct over the real property, located at Hostos #470. The Trustee argues that the usufruct is a type of lien and the Defendant argues that it is an ownership right. The usufruct is a juridical figure that is governed by the Civil Code of Puerto Rico (hereinafter referred to as the "Civil Code").

Under the Civil Code, this type of life usufruct is in the nature of a lien over a real property that belongs to another person. Article 467 of the Civil Code provides in pertinent part:

> "[a]ll servitudes which affect lands may be divided into two classes, personal and real.
> Personal servitudes are those which are inseparably attached to the person in whose benefit they have been established, and which terminate with his life.

Such servitudes are of three kinds: usufruct, use and habitation." 31 L.P.R.A. §1633.

Spanish Commentator Manresa opines that an usufruct is essentially a lien on another's property. "We must not wonder, therefore, that our code, breaking with our domestic precedents, has fully discarded the great error of considering usufruct as a personal servitude. Usufruct is a servitude only in one sense: As a lien on another's property, neither more nor less than an annuity (censo) or a mortgage." See Guzmán Rodríguez v. Central San José, 60 P.R.R. 377, 383, 60 D.P.R. 386, 392 (1942) citing José María Manresa Y Navarro, 4 Comentarios al Código Civil, 351.

Article 396 of the Civil Code defines the juridical figure of an usufruct in the following manner:

"[u]sufruct is the right to enjoy a thing owned by another person and to receive all the products, utilities and advantages produced thereby, under the obligation of preserving its form and substance, unless the deed constituting such usufruct of the law otherwise decree." 31 L.P.R.A. §1501.

Article 397 of the Civil Code provides:

"[u]sufruct is constituted by law, by the wish of the parties expressed in instruments inter vivos, or by last will, and by prescription." 31 L.P.R.A. §1502.

Article 398 of the Civil Code states:

"[u]sufruct may be constituted on the whole or on part of the fruits of a thing, in favor of one or several persons, simultaneously or successively, and in any case from or to a certain day, with or without conditions. It may also be constituted on a right, provided the same is not absolutely personal or transferable." 31 L.P.R.A. §1503.

Article 399 of the Civil Code provides:

"[t]he rights and obligations of the usufructuary shall be those stated in the deed establishing the usufruct; in default of such deed, or because of its incompleteness, the provisions contained in the two following chapters shall be observed." 31 L.P.R.A. §1504.

The court concludes based on the above cited provisions of the Civil Code that an usufruct is a lien and not an ownership right.

Article 441 of the Civil Code establishes the different forms by which an usufruct may be extinguished. 31 L.P.R.A. §1571. Article 158[2] of the Puerto Rico Mortgage Law addresses the issue if the usufruct is mortgaged. At this juncture, the court notes that pursuant to the title study, and as raised by the Defendant despite the fact that the mortgage deed appears to be registered, there is no successive tract or chain of titleholders because there is a missing link, which is that the Deed of Donation, that was not recorded because it was notified that the same had an error. Thus, pursuant to the Property Registry the titleholder of this real property is Mrs. Malavet Rodríguez, and pursuant to the mortgage deed, the titleholder of such property is the Debtor. See Pérez Mujica v. FirstBank, P.R. (In re Pérez Mujica), 457 B.R. 177, 188-189 (Bankr. D. P.R. 2011).  The court in In re Pérez Mujica addressed this issue by stating:

> "[t]he Puerto Rico Mortgage Law mandates that our real estate registry system be 'predicated on the certainty and correction of its entries. Registry entries must be complete and clear as possible. This prevents confusion and errors.' Rosado Collazo v. Registrador, 118 D.P.R. 577, 584 (1987), P.R. Offic. Trans. 670, 676 (1987). The concept of prior registration pursuant to Puerto Rico Mortgage Law requires that the right of the person executing the conveyance or lien be previously recorded. See Chase Manhattan Bank, N.A. v. Registrador, 136 D.P.R. 650, 660-661, 1994 Juris P.R. 105 (1994); Aponte v. Registrador, 115 D.P.R. 699 (1984), 15 P.R. Offic. Trans. 920, 922 (1984). 'Prior recordation must refer to the right of the person who is the record owner according to the recordable title. This circumstance demands a perfect objective identity between that which results from the title and the recordation, in the same manner that, in the subjective aspect, successive performance requires a perfect identity between the recorded titleholder and the person who must be so according to the title. The objective identity refers to the recorded right and to the farm—or right—on which it falls. With regard to that right, it must be the same one involved in the recordable title and its essential circumstances must be the same, especially those which may affect its extent, duration—in its case – and very specially, the titleholder's dispositive powers. Aponte v. Registrador, 15 P.R. Offic. Trans. 920, 922, 115 D.P.R. 699. (1984).'" In re Pérez Mujica, 457 B.R. at 188-189.

However, both parties agree that the Deed of Donation of the real property in controversy is legally valid and that the Debtor is the titleholder of the real property. The Deed

---

[2] Article 158 of the Puerto Rico Mortgage Law provides in pertinent part: "[t]he following may also be mortgaged: 1st. The right of usufruct, but the mortgage shall be extinguished when this right ends due to an act beyond the control of the usufructuary. If he chooses to end it, the mortgage shall remain until the secured obligation is met, or until the expiration of the term during which the usufruct would have naturally ended had the act ending it not taken place." 30 L.P.R.A. §2554.

-12-

of Donation is legally valid because it is not constitutive in nature (unlike the mortgage deed). The court notes that donation of real property must be made in a public instrument pursuant to Article 575[3] of the Civil Code.

At this juncture, the Trustee has not waived[4] its right (duty) to avoid the mortgage lien pursuant to the Trustee's strong arm powers under Section 544. However, the Trustee has not filed an adversary proceeding to invalidate the mortgage. Therefore, the secured claim originally filed by FirstBank Puerto Rico is deemed allowed. TRM LLC is the successor secured creditor. Whether or not there is a valid lien over the property that the Trustee intends to sell has a direct effect on its equity, and, consequently on determining if unsecured creditors will receive a dividend.

*Section 363(f)*

Section 363(b)(1) of the Bankruptcy Code authorizes a trustee to sell property of the estate, other than in the ordinary course of business, after notice and a hearing. 11 U.S.C. §363(b)(1). Section 363(f) allows the Trustee to sell property of the estate, "…free and clear of any interest in such property of an entity other than the estate, only if—

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. §363(f).

---

[3] Article 575 of the Civil Code provides: "[i]n order that a gift of real property may be valid it shall be made in a public instrument, stating therein in detail the property bestowed as a gift and the amount of the charges, which the donee must satisfy. The acceptance may be made in the same instrument bestowing the gift or in a different one; but it shall produce no effect if not made during the life of the donor. If made in a different instrument the acceptance shall be communicated to the donor in an authentic manner, and this proceeding shall be recorded in both instruments." 31 L.P.R.A. §2010.

[4] In the *Notice of Private Sale of Estate's Interest in Property Free and Clear of Liens*, the Trustee informs that: "[t]here is a lien held by FirstBank of Puerto Rico and recorded against the realty. A copy of the Title Search is attached as Exhibit "A." This lien will attach to proceeds. However, the Trustee reserves the right to dispute the validity of the lien" (Lead Case, Docket No. 365).

Section 363(f) is a resourceful tool because it permits the Trustee to sell estate property that is "free and clear of any interest" in order to "maximize the value of the asset, and thus enhance the payout made to creditors." In re USA United Fleet, Inc., 496 B.R. 79, 83 (Bankr. E.D.N.Y. 2013) citing In re Mundy Ranch Inc., 484 B.R. 416, 422 (Bankr. D.N.M. 2012). In order for Section 363(f) to be applicable, one of the five conditions must be satisfied. The term 'interest in property' in 11 U.S.C.S. §363(f) is sufficiently elastic and should be construed broadly. See Mass. Dep't of Unemployment Assistance v. OPK Biotech, LLC (In re PBBPC, Inc.), 484 B.R. 860, 869 (B.A.P. 1st Cir. 2013).

The court concludes that 11 U.S.C. §363f(2) and (4) are inapplicable because the Defendant, as the usufructuary, has not consented to the sale of the real property and there is no bona fide dispute as to the validity of the interest or usufruct.

In the *Motion for Summary Judgment*, the Trustee argues that the bankruptcy court can cancel the usufruct of the Defendant based upon the case of In re Bobonis Lang, 191 B.R. 268 (Bankr. D.P.R.1995). However, In re Bobonis Lang is inapposite to this case because the controversy in said case was whether community property became property of the estate under 11 U.S.C. §541(a)(2)(A) when only one spouse filed for bankruptcy. The court held that Puerto Rico recognizes community property, thus, Section 541(a)(A)(2) applies to the determination of property of the estate in the instance in which one spouse files for bankruptcy.

The court finds that the Trustee has failed to meet its burden of showing that Section 363(f) is applicable in the instant case, particularly as to the applicability of any of the enumerated conditions in Section 363(f) to the facts of this particular case. At this juncture, the court has no information regarding the value of the Defendant's usufruct (or how the usufruct is calculated) and whether the Trustee plans on filing an adversary proceeding to invalidate the mortgage lien.

The Trustee also argues that the, "Defendant's right will not be impaired by the selling of the property free and clear of her interest, as this Trustee will warrant that her right of usufruct be estimated and paid accordingly of this court determines that the usufruct is superior

-14-

than the Trustee's right under section 544(a)" (Docket No. 11, pg. 5). Section 544(a) forms part of the Trustee's avoiding powers which are used to avoid certain pre-bankruptcy transfers that could have been avoided by a bona fide purchaser or by certain types of creditor. See Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶544.01 (16[th] ed. 2013).  "The strong arm rights and powers are conferred on the trustee by federal law. However, the extent of the trustee's right as a judicial lien creditor, a creditor with execution unsatisfied or a bona fide purchaser of real property is measured by the substantive nonbankruptcy law of the jurisdiction governing the property in question." See Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶544.02[1] (16[th] ed. 2013).  Lien avoidance under Section 544(a) and selling a property "free and clear of any interest" under Section 363(f) are different tools that generate different results. Their applicability are not clearly detailed by either party, and the court declines, at this juncture to do so.

*Section 363(h)*

Section 363(h) provides:

> "[n]otwithstanding subsection (f) of this section, the trustee may sell the both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if-
>> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." 11 U.S.C. §363(h).

The Trustee, as Plaintiff, has the burden of satisfying all four (4) requirements under Section 363(h). See Braunstein v. Hajjar (In re Hajjar), 385 B.R. 482, 488 (Bankr. D. Mass.

2008). Three (3) forms of co-ownership are specifically identified in Section 363(h) namely, tenant in common, joint tenant and tenant by the entirety. An usufruct is a type of lien and is not a form of co-ownership in real property, thus section 363(h) is inapplicable. An usufructuary of a certain real property is not a co-owner having an undivided interest. "This plain language forces the conclusion that the three cotenancies are the only three in which the co-owner's interest may be sold without his consent." Geddes v. Livinston (In re Livingston), 804 F. 2d 1219, 12123 (11th Cir. 1986); See also; In re Burns, 73 B.R. 13, 15 (Bankr. W.D. Mo. 1986). The court finds that the uncontested facts submitted by the parties do not show that summary judgment is warranted as a matter of law to either.

### Conclusion

In view of the foregoing, the court denies the Defendant's *Motion for Judgment on the Pleadings*. The court also denies Plaintiff's *Motion for Summary Judgment* and Defendant's Cross *Motion for Summary* Judgment.

SO ORDERED.

In San Juan, Puerto Rico, this 14th day of November, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge